Argued September 15, reversed and remanded October 5, 1960

## OLSON *v.* SUTHERLAND ET AL
### 355 P. 2d 774

*Fred A. Anderson,* Tigard, argued the cause and filed a brief for appellant.

*Duane Vergeer,* Portland, argued the cause for respondents. With him on the brief were Vergeer & Samuels, Portland, and Charles S. Crookham, Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Howell, Justices.

McALLISTER, C. J.

This is an action to recover damages for personal injuries sustained by plaintiff when an automobile operated by her collided with a bus owned by defendant Tualatin Valley Buses, Inc. and operated by defendant Maurice Sutherland. The jury returned a verdict for defendants and from the judgment entered thereon, plaintiff appeals.

Plaintiff contends that the court erred in failing to give certain requested instructions and in withdrawing from the jury two charges of negligence alleged in her complaint.

The accident occurred during the afternoon of December 16, 1957 in Portland. Plaintiff was driving South on Barbur Boulevard in the outside lane of the four lane highway at a speed of about 25 miles per hour. Shortly after plaintiff passed through the intersection of Barbur Boulevard and Taylor's Ferry Road, she met defendant's bus which was traveling in the opposite direction. Plaintiff testified that when the two vehicles were only about 60 feet apart, the bus made a left turn across her side of the highway directly in front of her car. Plaintiff swerved to her left but the front of her car struck the right rear corner of the bus. The plaintiff further testified that she saw the bus approaching on its own side of the road and saw no signal that the driver intended to

turn. The fact that the bus made a left turn across the southbound lanes of travel was not disputed but there was a conflict in the testimony as to how far away plaintiff's car was when the turn was made and as to whether the bus driver gave a turn signal.

We find it necessary to consider only one assignment of error. Plaintiff's complaint alleged that defendants were negligent in the following particular:

> "He [the bus driver] failed to give a signal of his intention to make a left turn into plaintiff's lane of traffic under circumstances when the operation of plaintiff's vehicle was affected by such movement."

■ Upon the motion of defendant, the court withdrew the foregoing charge of negligence from consideration by the jury. We think this was error.

ORS 483.126 provides as follows:

> "(1) The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety. * * * Whenever the operation of any other vehicle may be affected by such movement he shall give a proper signal which is plainly visible to the driver of such other vehicle of the intention to make such movement.
> "* * * * *
> "(4) The signal required to be given before turning to the right or left shall be given continuously during the last 50 feet traveled by the vehicle before turning."

Violation of the foregoing statute constitutes negligence per se.

■ Plaintiff testified that she noticed the bus coming toward her traveling in a normal manner on its own side of the road. She said that she was watching

the road ahead of her and had no knowledge that the bus intended to turn. It was plaintiff's theory of her case that a signal from the bus would have attracted her attention and given her a better opportunity to avoid the collision. That is the precise reason for the statutory requirement of the signal.

The foregoing error involved a crucial part of plaintiff's case and was prejudicial.

The case is reversed and remanded for new trial.