STATE *vs.* PETER COSTAKOS.

APRIL 7, 1961.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

FROST, J. This is a criminal complaint charging that the defendant on December 26, 1959 operated a motor vehicle along and upon Metacom avenue in the town of Bristol, a public highway of this state, at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.

The defendant pleaded nolo to the complaint in the dis-

trict court of the fifth judicial district and thereafter took an appeal to the superior court where he was tried to a court and jury with the result that he was found guilty. There was also a special finding that defendant's speed was 65 miles per hour. A motion for a new trial was denied by the trial justice and defendant then brought to this court a bill containing seven exceptions.

It appears from the evidence that on December 26, 1959 at about 6:35 p.m., a state trooper was parked in his car on Bay View avenue approaching Metacom avenue from the west. Metacom avenue runs generally north and south and is a four-lane macadam highway on which are a few houses and two or three gasoline stations. The trooper looked to his right and saw a car on Metacom avenue proceeding southerly at a speed which he estimated to be a little above the limit. He turned to his right and drove southerly on Metacom avenue, and when within 300 yards of said car he "clocked" its speed and found it to be proceeding at 65 miles per hour which was increased to 70 miles. The state presented the state trooper as a witness and also the person who calibrated the trooper's speedometer on December 1, 1959.

The defendant testified that he was driving with his son on Metacom avenue on the day in question; that he was driving a 1959, 110 horsepower, Austin-Healey sports car; that the speedometer showed he was traveling not more than 40 miles per hour at the time; that there was no traffic on the road; and that he thought the highway, a new road with a black top surface, was more than 50 feet wide. He further testified that he was in the automobile business.

The defendant has raised three issues based upon his exceptions. We shall first consider his second issue wherein he raises the constitutionality of G. L. 1956, §31-14-2. This issue arises from exception 5 to the denial of defendant's motion for a directed verdict and exception 6 to the court's failure to instruct as requested.

General laws 1956, §31-14-1, reads:

"Reasonable and prudent speeds. — No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

Section 31-14-2 reads in part as follows:

"Prima facie limits. — Where no special hazard exists that requires lower speed for compliance with §31-14-1 the speed of any vehicle not in excess of the limits specified in this section or established as hereinafter authorized shall be lawful, but any speed in excess of the limits specified in this section or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

"(1) Twenty-five (25) miles per hour in any business or residence district;

"(2) Fifty (50) miles an hour in other locations during the daytime;

"(3) Forty-five (45) miles per hour in such other locations during the nighttime.

"Daytime means from a half hour before sunrise to a half hour after sunset. Nighttime means at any other hour."

The defendant contends that the provisions of the latter statute are unconstitutional in that they are in conflict with secs. 13, 14 and 15 of article I of the constitution of Rhode Island. These sections provide that no man in a court of common law shall be compelled to give evidence criminating himself, that every man is presumed innocent until found guilty, and that the right of trial by jury shall remain inviolate. It is our opinion that the provisions of the statute are in no sense in opposition to these sections of the constitution.

The legislature has established certain standards or rules as to speed at different times and places and has said that speeds in excess of those stated shall be prima facie evidence of unreasonable or imprudent speed. The legislature has endeavored to make definite what was indefinite, and to provide a standard of care so that motorists might know what the state considered to be a reasonable and what an unreasonable speed. The defendant states, "Speed alone has no relevancy to safety." Many people think otherwise. The legislature has not made speeds in excess of those stated unreasonable and unlawful but only that they are prima facie evidence of unreasonableness, that is, that they are evidence of unreasonable speed only if not rebutted. It is possible to think of a situation which would tend to justify one in exceeding the speed limits mentioned in the statute such as seeking help in an emergency.

The defendant argues that at the conclusion of the state's case there was no evidence that the speed testified to was unreasonable although it was greater than that fixed by statute. In our opinion it was within the authority of the legislature under the police power to fix a standard of care as it did.

In *Morrison* v. *Flowers,* 308 Ill. 189, a negligence case, the court instructed the jury in the language of the motor vehicle act that if the defendant's speed was greater than ten miles per hour such speed was prima facie evidence of an unreasonable speed. It was contended that the section of the motor vehicle act was unconstitutional for the reason that it was an attempt by the legislature to exercise judicial power and deprived the defendant of his property without due process of law. The court stated at page 195 that it was "clearly within the power of the legislature to prescribe that a fact shall be *prima facie* evidence of a certain other fact if it has a tendency to prove such other fact. * * * The section establishes a rule of law, which declares that certain rates of speed in certain localities shall be *prima*

*facie* unreasonable and dangerous. There is no intimation that such rates of speed shall be conclusive proof of negligence. * * * The term '*prima facie* evidence' implies evidence which may be rebutted and overcome, * * * and simply means that in the absence of explanatory or contradictory evidence the finding shall be in accordance with the proof establishing the *prima facie* case." See also *Smith* v. *State,* 186 Ind. 252.

In the instant case the state's evidence in no way destroyed the presumption of defendant's innocence. Nor was defendant at the conclusion of the state's case in any different position from that in which a defendant ordinarily is in. There was clearly evidence to go to the jury. The defendant's fifth exception is overruled.

The defendant also raised the constitutionality of §31-14-2 in his request to charge, as follows: "In this state, no specific speed, by itself, may be considered unlawful, either conclusively or prima facie. That is because a defendant, by our constitution is presumed innocent and may not be compelled to testify in his own defense to prove reasonableness of speed. The burden of proving the defendant drove at an unreasonable speed under conditions then and there existing is upon the state."

In our opinion the trial justice could not properly charge as requested and there was no error in denying this request. The trial justice did instruct the jury, "Therefore, we are dealing with a nighttime situation in which the prima facie speed limit would be 45 miles an hour in such a location as the site of this alleged offense. * * * In other words, the prima facie limit may be taken into account by the jury as evidence of excessive speed over and above the reasonable and prudent speed * * *." The instruction as given was all that the defendant was entitled to. The defendant's sixth exception is overruled.

The defendant's first issue relates to rulings on evidence and is based on exceptions numbered 1, 2, 3 and 4. He tes-

tified in his own behalf and in answer to the state's question, "You are a careful driver?" had answered, "Yes, I am." The state then asked, "By the way, are you the same Peter Costakos who was fined $10 in the Fifth District Court for speeding * * * on April 21st of 1955." The defendant objected and moved that the case be passed and stated that the question was undoubtedly intended to impeach his credibility as a witness. The state argued that since defendant stated he was a careful driver it had a right to rebut that statement by evidence of a prior conviction. The court declined to allow the question to impeach defendant's credibility, but did allow it to rebut the inference that defendant was of such a character that he would be entirely unlikely to commit the kind of offense with which he was charged. The trial justice overruled defendant's objection and later instructed the jury very fully on the purpose of the question. The defendant's first exception is overruled.

There were three other similar questions, to each of which exception was taken. The defendant answered "Yes" to the first of the four questions but did not remember in the case of the last three similar questions. We are of the opinion that exceptions 2, 3 and 4 are likewise without merit and are therefore overruled.

Issue three is, did the trial justice err in refusing to grant the defendant a new trial? The motion for a new trial was heard very shortly after the verdict was rendered. The evidence was clear in the mind of the trial justice and his review of the evidence is before us. He stated that he not only was not inclined to disturb it but actually agreed with it as a matter of fact. The exception to the refusal to grant a new trial is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Carmine A. Rao,* Chief Special Counsel for State.

*Aram K. Berberian,* for defendant.