## C. W. STUART & Co. *vs.* WILLIAM V. SMITH, JR.

NOVEMBER 4, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is an action of assumpsit to recover the balance alleged to be due on contracts for the purchase of a plant feeder and certain plants. A justice of the superior court, sitting without a jury, found for the plaintiff in the sum of $8.20, which was substantially less than the plaintiff claimed under the contracts. The case is before us on the plaintiff's bill of exceptions to such decision and to certain evidentiary rulings.

The declaration alleges in substance that defendant ordered certain nursery stock; that pursuant to such orders plaintiff shipped the stock; that under the contracts defendant promised to pay for same within five days after receipt thereof; and that plaintiff complied with all the terms of the agreements but that defendant failed and refused to pay in accordance with the terms of the contracts.

The defendant pleaded the general issue and also a special plea alleging that the consideration for his promise to pay the sums allegedly due under the contracts set forth in the declaration was the delivery by plaintiff of certain *live* plants and a *functioning* plant feeder to defendant; that the plaintiff failed to deliver live plants and a functioning plant feeder, the contract price of which was $151.73, whereby the consideration of said promise failed, except to the extent of $55.87; and that he had made payment of the sum of $50 and was ready and willing to pay the sum of $5.87 to plaintiff but that the latter had refused a tender of the same.

The defendant was called by plaintiff under the adverse witness statute and was the only witness to testify. Through him plaintiff introduced the contracts in evidence. The

442

defendant testified that he had placed an order with plaintiff; that he received part of the order; that some of the items were missing; and that he had informed plaintiff about the missing items.

The contract guaranteed all plants to be alive. In presenting its case plaintiff offered no evidence that the plants were alive when delivered to defendant.

After plaintiff rested defendant testified in his own defense that the plant feeder exploded the first time he used it. He described the appearance of the contents in the packages which he had received. In reply to a series of questions defendant testified, over plaintiff's objections, that a certain number of the plants were dead on arrival. All of plaintiff's exceptions relate to the rulings of the trial justice permitting defendant to express an opinion as to whether the plants in question were dead or alive on arrival.

The plaintiff's exceptions go primarily to the ruling of the trial justice that defendant had established his qualification to testify as to his opinion concerning the condition of the plants at the time they were delivered to him. The plaintiff contends that the trial justice in so ruling qualified defendant as an expert in plant pathology and that on the evidence relating to his qualifications as such an expert this constituted an abuse of his judicial discretion. We cannot agree that the record discloses that the trial justice qualified defendant as an expert. What he said was that he was satisfied that defendant "knew whether these plants were alive or if they were not and that he had sufficient knowledge to make that determination * * *." We are not persuaded that this constitutes a ruling that defendant was an expert in plant pathology.

However, it is not necessary, in our opinion, to determine that particular question in view of the long-accepted practice, in this jurisdiction at least, to permit in appropriate circumstances witnesses who are testifying as to their personal observations to add a conclusion or opinion. This

court has held that a witness "may testify as to conclusions reached upon observation of facts even though he has not been qualified as an expert where the subject matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time and the facts upon which the witness is called to express his opinion are such as men in general are capable of comprehending." *Feuti* v. *Feuti*, 92 R. I. 219, 222. In short, it is our opinion that the testimony of this witness was properly admitted under the rule above referred to.

Since our conclusion on this point is dispositive of the case, we do not deem it necessary to discuss any further evidentiary matters. The letter which the plaintiff has appended to his brief is not properly before us and warrants no consideration.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Richard J. Israel,* for defendant.