478

STATE *vs.* HUGO P. MARSOCCI.

NOVEMBER 20, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J. This is a criminal complaint charging the defendant with operating a motor vehicle on a public highway at an excessive rate of speed in violation of G. L. 1956, §31-14-1. In the superior court the defendant filed a plea of autrefois acquit to which the state demurred. A superior court justice sustained the state's demurrer and the case is before us on the defendant's exception thereto.

It would serve no purpose to set out defendant's plea or the state's demurrer verbatim. On our view it suffices to relate that defendant argues that the demurrer admits the facts stated in his plea and, arguing that said demurrer should be overruled on the ground that his plea as set out constitutes a complete defense, prays that the case be remitted to the superior court for appropriate entry.

The state on the other hand argues that the plea as set out by defendant falls short of containing all the material allegations essential to a valid plea of autrefois acquit.

Whatever the merits of either contention may be, we need not inquire, however, because the state's demurrer is dispositive of the complaint.

It is well settled that a demurrer reaches back, in effect, through the whole record, attaching ultimately to the first substantial defect in the pleadings. *Railton* v. *Taylor*, 20 R. I. 279. Thus the demurrer in the case at bar scrutinizes not only the sufficiency of defendant's plea, for which purpose it was filed by the state, but also puts this court on inquiry as to the validity of the complaint. See *Kominsky* v. *Durand*, 64 R. I. 387.

The instant complaint is identical with that which was declared by this court to be "so lacking in definiteness that a person of ordinary intelligence could not know at what speed he could drive and be within the law. He may only guess at its meaning and hope that the court and jury are in accord with his guess, but that is not sufficient." *State* v. *Campbell*, 97 R. I. 111, 196 A.2d 131. There, as here, the complaint recited only the general language of §31-14-1. In *State* v. *Brown*, 97 R. I. 95, 196 A.2d 133, we pointed out that §§31-14-1 through 31-14-3 must be read together to meet the constitutional requirement for certainty in penal statutes.

We deem it unnecessary therefore to consider the sufficiency of the defendant's plea in bar since, assuming it to be without validity, the complaint is defective in any event and should be dismissed.

The defendant's exception is sustained, and the case is remitted to the superior court with directions to dismiss the complaint and discharge the defendant.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Pontarelli & Berberian, Aram K. Berberian,* for defendant.