Argued June 3, reversed and remanded with instructions
July 16, 1969

JOHNSON, *Respondent, v.* FIELD,
*Appellant.*

456 P2d 483

*Leo Levenson,* Portland, argued the cause for appellant. With him on the brief was Pat Dooley, Portland.

*David W. Young,* Gresham, argued the cause for respondent. On the brief were Weiser, Bowles & Young, Gresham.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Plaintiff brought an action under both the Employer's Liability Act and common law negligence for damages resulting from a fall from a roof while she was employed by defendant. The jury returned a verdict for defendant and plaintiff filed a motion for a new trial. Defendant appealed from an order granting the new trial.

At the time of the accident plaintiff was repairing the roof on a building by putting an adhesive under composition shingles. While she was working close to the eave of the roof, her foot hit an accumulation of granules which had come loose from the roofing material, causing her to fall. Plaintiff testified that prior to commencing work she walked over the roof and inspected it. The sole evidence concerning the manner of her fall was her following testimony:

"Q And how far from the edge of the eave were you?

"A Well, I was up about the fifth row, which would be, I'd say, a little over 3 foot.

"Q And did anything happen thereafter, and if so, what?

"A Well, there had been a small deposit of scale from the roofing that had collected on the next to the bottom row, I believe, because that's what I had come in contact with, and that's what started me sliding off of the roof.

"Q Exactly what happened?

"A Well, my foot hit it first, and I reached back to try to brace myself and couldn't; and I just slid on down a ways, and I caught the eave with my ankle and went over the corner."

Defendant alleged that plaintiff was negligent in failing to keep a lookout for her own safety and this one claim of contributory negligence was submitted by the trial court to the jury.

The sole basis for the motion for the new trial was as follows:

"* * * the submission to the jury of the question of Plaintiff's contributory negligence, inasmuch as the record was devoid of any testimony as to any acts of the Plaintiff while in the performance of her assigned task which constituted negligence."

The motion for a new trial was granted more than 30 days after the filing of the judgment and, therefore, could not have been granted on the court's own motion. ORS 17.630. *Hall v. Corning*, 247 Or 33, 35, fn 1, 427 P2d 105 (1967). When a new trial is granted on the motion of a party, the court is limited to grounds specified in the motion. ORS 17.620. *Lundquist v. Irvine*, 243 Or 274, 276, 413 P2d 416 (1966). Therefore, the sole question is whether there was sufficient evidence of plaintiff's failure to keep a lookout for her own safety to submit the issue to the jury.

■ We believe there was sufficient evidence furnished by the plaintiff's own testimony to submit to the jury whether, in the exercise of reasonable care, she should have seen and avoided the accumulation of granules which caused her to fall. Therefore, it was error for the trial court to grant the new trial.

The case is reversed and remanded to the trial court with instruction to reinstate its prior judgment which was based on a verdict for defendant.