Argued September 16, reversed with instructions
December 31, 1970

JONES, *Respondent, v.* BURNS, *Appellant.*
478 P2d 611

*Edward H. Warren*, Portland, argued the cause for appellant. With him on the brief were Hershiser & Mitchell, Portland.

*Lawrence M. Dean*, Astoria, argued the cause for respondent. With him on the brief were MacDonald, Dean & McCallister and Harold A. Snow, Astoria.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN and HOWELL, Justices.

DENECKE, J.

The plaintiff while driving an automobile was "rear-ended" by the defendant. In an action for personal injuries received in this collision the jury returned a verdict for the defendant. The trial court

granted plaintiff's motion for a new trial and the defendant appeals.

■ The motion was granted more than 30 days after the judgment and, therefore, could only be granted upon one of the grounds specified in the motion. ORS 17.620, 17.630; *Johnson v. Field*, 253 Or 654, 656, 456 P2d 483 (1969).

Several of the grounds of the motion are based upon the proposition that the defendant was negligent as a matter of law and the plaintiff was not contributorily negligent as a matter of law. In the consideration of these issues the evidence must be considered most favorably to the defendant.

The collision occurred on U. S. Highway 101 in the city of Seaside on a morning in March. Traffic was "fairly heavy." Both parties were traveling about 30 miles per hour. The defendant was about three car lengths behind plaintiff. A car ahead of plaintiff stopped to make a left turn. The plaintiff "stopped suddenly right in front of me [defendant]."[1] Defendant did not see any brake lights on plaintiff's car. Defendant immediately applied his brakes and was able "to almost slow to a stop but not quite. I nudged him in the back." Defendant's brakes "didn't seem like they held like they should," but he had never felt that before in his brakes.

The first ground stated in the motion for new trial was that the trial court erred in failing to instruct the jury that the defendant was liable, and the only

---

[1] Plaintiff contends that later testimony of the defendant reveals that this statement was a conclusion by defendant and not a statement of fact. Our reading of all this testimony convinces us that a jury could reasonably find this was a statement of fact.

question to be answered by the jury was the amount, if any, of plaintiff's damages. Such an instruction would necessarily have to be based upon a decision by the court that the defendant was negligent as a matter of law.

■ Since *Miller v. Harder*, 240 Or 418, 402 P2d 84 (1965), overruled *Lehr v. Gresham Berry Growers*, 231 Or 202, 372 P2d 488 (1962), the rule in Oregon has been that if there is evidence that the car ahead stopped abruptly the negligence of the rear vehicle which struck the car ahead is for the jury. *McPherson v. Cochran*, 243 Or 399, 414 P2d 321 (1966). Cf. *Simmons v. York*, 252 Or 279, 449 P2d 645 (1969).

This assigned error also involves plaintiff's alleged contributory negligence. The same considerations in this assignment of error are involved in another ground for new trial, — the trial court erred in submitting any of the charges of contributory negligence to the jury.

■ Three of the charges were the trinity, — speed, lookout and control. There was evidence the plaintiff was traveling 30 miles per hour just before he came to an abrupt stop. This evidence will support the submission of the charge of excess speed, lookout and control to the jury. The evidence is very similar to that in *Rough v. Lamb*, 240 Or 240, 243, 401 P2d 10 (1965), in which we stated:

"* * * The jury could have found that if plaintiff had been keeping a better lookout he would sooner have observed the traffic coming to a stop ahead of him and brought his own car to a gradual stop instead of a 'very sudden stop.' Plaintiff's speed and control were 'interrelated' with his lookout. *Owens v. Goss*, supra [235 Or 102, 383 P2d 1013 (1963)]. Whether plaintiff was

negligent in any of the particulars charged was for the jury. * * *."

■ In addition, when the lead car stops suddenly, it is ordinarily a question of fact whether ORS 483.126(1) has been violated. That statute requires that a driver before stopping shall see that he can stop in safety. *McPherson v. Cochran,* supra (243 Or at 402).

The charge that the plaintiff was negligent in following the car in front too closely also finds support in the evidence that the plaintiff stopped suddenly.

■ The other charge of contributory negligence was plaintiff's alleged failure to signal before stopping. According to defendant's testimony he was looking at plaintiff's car, it suddenly stopped and defendant never saw any brake lights. Such evidence is sufficient to submit to the jury the question of whether plaintiff signaled. In *Olson v. Sutherland,* 224 Or 208, 355 P2d 774 (1960), we held the trial court erred in withdrawing the charge that the bus driver failed to signal a left turn when the evidence was that the plaintiff observed the bus but did not observe any left turn signal.

■ Another ground stated in the motion for a new trial was that the trial court erred in instructing the jury on the defendant's duty in an emergency. Plaintiff contends that the form of the instruction was faulty; however, the instruction was in the form of Uniform Jury Instruction 10.10, which we find is a correct statement of the rule.

■ Plaintiff's primary claim of error about the instruction is that the giving of the instruction was not justified by the evidence. Plaintiff asserts that

the emergency was created by defendant's own negligence and, therefore, the instruction had no application. As we previously stated, whether or not defendant was negligent was a question for the jury.

■ Plaintiff also contends the instruction was not applicable as the emergency doctrine applies only when the party "has a choice of conduct," and the emergency excuses him from making the wisest choice of alternatives. Here, plaintiff argues, the defendant had no choice. We do not find that to be the only inference that can be drawn from the evidence. There was a shoulder on the road and the jury could draw the inference that this alternative was open. The plaintiff relies upon defendant's testimony that "it was too late to do anything then." We interpret this statement to refer to the moment of contact and not when the defendant made the choice of putting on his brake. It is not necessary that the party seeking to invoke the emergency doctrine explicitly testify that he considered several alternatives and then chose a course of conduct. It is sufficient if alternatives are available. This was the tenor of *Fenton v. Aleshire*, 238 Or 24, 30, 393 P2d 217 (1964):

> "* * * We think, however, that it might be properly contended that Aleshire could have avoided the accident by turning to the left instead of to the right and that, therefore, the instruction [emergency] was applicable. See *Raz v. Mills*, 231 Or 220, 227, 372 P2d 955."

We hold that the trial court did not commit error at the trial in any of the respects charged in the motion for new trial and, therefore, the trial court erred in granting a new trial.

Our decision should not be interpreted as depart-

ing from the principle "that the trial court has considerable latitude in granting a new trial, and all intendments are in favor of such an order." *Goggan v. Consolidated Millinery*, 242 Or 328, 332, 409 P2d 174 (1966), quoting *Hays v. Herman*, 213 Or 140, 144, 322 P2d 119, 69 ALR2d 947 (1958).

The motion for new trial in this case must be decided upon the basis of the evidence and the evidence we find was sufficient to support the trial court's rulings and instructions at trial and, therefore, no error was committed upon trial.

Reversed with instructions to reinstate the judgment for the defendant.