322 A.2d 30.

STATE *vs.* JOSEPH F. GABRIAU.

JULY 9, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. On May 24, 1970, the defendant was clocked for speeding on Post Road in Warwick by Officer Kenneth R. David of the Warwick Police Department. On June 2, 1970, Captain John H. Hallbauer of the Warwick Police Department complained to the Third Judicial District Court of the State of Rhode Island that the defendant violated G. L. 1956 (1968 Reenactment) §31-14-1 in that he

"* * * did operate a motor vehicle on Post Road, a public highway in the City/Town of Warwick, in the State of Rhode Island, at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in that he/she did operate, said motor vehicle on said highway at a clocked speed of 75 MPH in ex-

cess of the 40 miles per hour legally established speed limit."

To that complaint, the defendant was arraigned and pleaded guilty on June 2, 1970. The defendant thereupon appealed to the Superior Court pursuant to G. L. 1956 (1969 Reenactment) §12-22-1,[1] where he demurred to the complaint on the principal grounds that the complaint was predicated upon an absolute speed limit and that the allegations of actual speed traveled were vague. After the Superior Court overruled the demurrer and other pleas in abatement, the defendant proceeded to a trial before a jury which found him guilty on April 26, 1971. The defendant thereupon seasonably prosecuted to this court a bill of exceptions[2] which is now before us.

The defendant first argues that a complaint charging a speed in excess of a legally established speed limit is invalid because it is predicated upon an absolute speed limit. This same argument was advanced in *State* v. *Lutye,* 109 R. I. 490, 287 A.2d 634 (1972), and *State* v. *Costakos,* 92 R. I. 415, 169 A.2d 383 (1961). The defendants in those cases were represented by the same attorney who represents this defendant, and our response here remains the same: " 'The [L]egislature has not made speeds in excess of those stated unreasonable and unlawful but only that they are prima

[1]General Laws 1956 (1969 Reenactment) §12-22-1 reads as follows:

"12-22-1. Right to appeal from district to superior court.—Every person aggrieved by the sentence of the district court for any offense may, within five (5) days after such sentence appeal therefrom to the superior court for the county in which the division of the district court is situated, by claiming an appeal in the court or in the office of the clerk of the court appealed from or at any of the penal institutions of the state, before any justice of the supreme or superior court, or before a justice or clerk of the court appealed from, or before any of the persons authorized to take bail at said penal institutions."

[2]As of September 1, 1972, appellate review is taken by appeal rather than by bill of exceptions. Supreme Court Rule 4(b); Super. R. Crim. P. 51. We will therefore consider defendant's bill of exceptions as an appeal.

facie evidence of unreasonableness * * *.' " *State* v. *Lutye,* *supra* at 494, 287 A.2d at 637; *State* v. *Costakos, supra* at 418, 169 A.2d at 385; see also *State* v. *Sprague,* 113 R. I. 351, 322 A.2d 36 (1974). That remains the law in this state, and defendant's counsel has been no more persuasive here than he was in the earlier cases.

The defendant next argues that the complaint which charged him with operating a motor vehicle at a clocked speed of 75 miles per hour, in excess of the 40 miles per hour legally established speed limit, is vague in its allegation of the actual speed at which defendant was traveling and thus violates the standards articulated in *State* v. *Brown,* 97 R. I. 115, 196 A.2d 133 (1963), and *State* v. *Campbell,* 97 R. I. 111, 196 A.2d 131 (1963). In those cases we held that a complaint brought under §§31-14-1, 31-14-2, and 31-14-3 is defective for uncertainty if it does no more than charge the defendant with operation at an unreasonable speed in violation of §31-14-1. However, defendant overlooks *State* v. *Lutye, supra,* and *State* v. *Reis,* 107 R. I. 188, 265 A.2d 651 (1970), wherein we held that the "more" which is required in order to make certain that which is uncertain, is to advise the operator that the speed at which he was traveling was unreasonable because it was in excess of the limits designated in §31-14-2, or because he had failed to reduce his speed when he encountered one of the hazards specified in §31-14-3, or because he could not so control his vehicle as to avoid colliding with persons or vehicles as particularized in the second sentence of §31-14-1. In each case, the principal element of the offense is the operation of a vehicle at an unreasonable speed, and certainty is attained by specifying the conduct which made that speed unreasonable. In this case the complaint charged that to travel at a speed of 75 miles per hour was unreasonable because it exceeded the speed specified in §31-14-2 for the locality where defendant was traveling. Nothing more

was required since defendant was thereby adequately informed of the accusation against him.

The defendant next contends that the testimony of Officer Kenneth R. David of the Warwick Police Department that the area where defendant was clocked for speeding was a combination business and residential area was improperly admitted. The defendant's objection, as we understand it, was that the testimony of the officer, who had not qualified as an expert, should have been restricted to the facts he had observed and that he should not have been permitted to add a conclusion to those observations. He cites §31-1-27 which defines business and residence districts as follows:

"31-1-27. Business and residence districts defined. —(a) Business district. The territory contiguous to and including a highway when within any six hundred (600) feet along such highway there are buildings in use for business or industrial purposes, including but not limited to hotels, banks or office buildings, railroad stations, and public buildings which occupy at least three hundred (300) feet of frontage on one (1) side or three hundred (300) feet collectively on both sides of the highway.

(b) Residence district. The territory contiguous to and including a highway not comprising a business district when the property on which highway for a distance of three hundred (300) feet or more is in the main improved with residences or residences and buildings in use for business."

He argues that there was no testimony by the officer or anyone else as to the geography of the area, particularly the linear measurements and type of occupancy therein, and that therefore the officer's description of the area as a combination business and residential district should have been stricken as a conclusion.

In *State* v. *Lutye, supra* at 494, 287 A.2d at 637 we held:
"While there is no hard and fast rule which tells us

when a nonexpert may augment his testimony of what he saw with an opinion, there are broad principles which provide some guidance. Thus, it is established that he may venture an opinion where '* * * the subject matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time, and the facts upon which the witness is called to express an opinion are such as men in general are capable of comprehending.' "

We believe that the trial justice did not err when he overruled defendant's objection; because the facts upon which the officer was called to express his opinion were such as men in general are capable of comprehending, and thus his testimony was properly admitted under the rule above referred to.

The defendant next contends that the testimony of Officer David that the area where defendant was clocked for speeding was a combination residential and business area served to establish that the prima facie limit of reasonable speed within the area was 25 miles per hour pursuant to §31-14-2, and thus created a material variance between the proof and the complaint which should have resulted in a dismissal and directed verdict for defendant.

The complaint charged defendant with operating a motor vehicle at an unreasonable rate of speed in that he operated said motor vehicle at a clocked speed of 75 miles per hour, in excess of the 40 miles per hour legally established speed limit. The defendant admits that the testimony served to establish that the limit of reasonable speed within the area was 25 miles per hour pursuant to §31-14-2. This was an essential part of the state's case because the principal element of the offense is that the operation of a vehicle at an unreasonable speed and any speed in excess of the limits specified in §31-14-2 is prima facie evidence that the speed is not reasonable or prudent and that it is unlawful. Rather than creating a material variance between the com-

plaint and proof, the introduction of this testimony conformed to the complaint and was essential to the proof of the offense charged.

The defendant's appeal is denied and dismissed, and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendant.