Argued April 1, affirmed May 15, 1963

## SHORE *v.* LIVENGOOD
381 P. 2d 492

*Frederic P. Roehr,* Portland, argued the cause for

appellant. On the brief were Charles S. Crookham and Vergeer & Samuels, Portland.

*Donald A. Buss,* Portland, argued the cause for respondent. On the brief were Buss & Pihl, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries suffered by plaintiff as the result of the alleged negligence of the defendants in the operation of their respective automobiles. Defendant Livengood appeals from a judgment for plaintiff against both defendants.

Plaintiff stopped at an intersection intending to make a left turn. While in this position plaintiff's automobile was struck in the rear by defendant Livengood's automobile which had been struck in the rear by defendant Allen's automobile. Livengood moved for a directed verdict on the ground that there was no evidence of negligence on his part. The motion was denied.

The jury could have concluded from the evidence that Livengood was negligent in failing to keep a proper lookout as a result of which he was forced to bring his vehicle to a sudden stop which in turn caused Allen to strike Livengood's automobile in the rear. There was also evidence that Livengood failed to signal his intention to stop. The motion for a directed verdict was properly denied.

As an alternative to the motion for a directed verdict Livengood moved that there be entered a partial satisfaction of judgment to the extent of a payment

of $4,350 made to plaintiff by her insurer under an uninsured motorist endorsement. Prior to the institution of the present action plaintiff's insurer, having determined that defendant Allen was an uninsured motorist and that he was legally responsible for the accident, paid plaintiff $4,350. The trial court denied this motion also.

■■ A payment made by or on behalf of one joint tortfeasor diminishes the amount of the claim against the other joint tortfeasor.[1] But the payment made by the insurer in the present case was not made on behalf of either of the defendants. The contract of insurance was between plaintiff and the insurer. The situation is not unlike that in *Northwest Door Co. v. Lewis Inv. Co.*, 92 Or 186, 180 P 495 (1919). There it was decided that the defendant, in an action for the negligent destruction of property by fire, had no right to have applied to the judgment against it the insurance proceeds paid to the plaintiff by its insurer. We are not concerned here with the right of the defendant to require the insurer to be joined as a party litigant.

It is not necessary for us to decide whether plaintiff's insurer would be subrogated to plaintiff's rights against Livengood, an insured motorist, and therefore entitled to reimbursement to the extent of $4,350 from the amount recovered by plaintiff from defendant Livengood.

The judgment is affirmed.

---

[1] Hicklin v. Anders, 201 Or 128, 253 P2d 897 (1953); Murray v. Helfrich, 146 Or 602, 30 P2d 1053 (1934); 4 Restatement, Torts § 885 (3) (1939). A discussion of the rule appears in Stires v. Sherwood, 75 Or 108, 113, 145 P 645, 646 (1915).