Argued May 6, affirmed July 24, 1963

# OWENS *v.* GOSS
### 383 P. 2d 1013

*Walter H. Evans, Jr.,* Portland, argued the cause for appellant. With him on the brief were Evans & Kennedy, and William H. Boland, Portland.

*William H. Morrison,* Portland, argued the cause for respondent. With him on the brief were Winfrid K. Liepe, and Maguire, Shields, Morrison, Bailey & Kester, Portland, and Chas. A. Phipps, The Dalles.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

McALLISTER, C. J.

This is an action to recover damages for personal injuries sustained by plaintiff when his automobile was struck by an automobile driven by defendant. The defendant admitted that his negligence in failing to keep a proper lookout and in failing to warn was a proximate cause of the collision, but charged plaintiff with contributory negligence in driving at an excessive speed, in failing to keep a proper lookout, and in failing to exercise proper control. The jury returned a verdict for defendant, and plaintiff appeals.

The questions presented for decision on appeal are:

(1) Whether there was any substantial evidence from which the jury could find that plaintiff was contributorily negligent in:

    (a) driving at an excessive speed,

    (b) failing to keep a proper lookout, and

    (c) failing to exercise proper control.

(2) Whether the inadvertent transposition of "plaintiff" and "defendant" by the court in one of its instructions constituted prejudicial error.

The collision occurred at the intersection of Tenth

and Union Streets in The Dalles, at about 7:00 o'clock p.m. on March 23, 1959. It was dark and the pavement was dry. Union Street is an arterial street running north and south, and is intersected at right angles by Tenth Street. Plaintiff was driving south on Union Street and defendant was driving west on Tenth. There were stop signs on both sides of Union Street, directing traffic on Tenth Street to stop before entering the intersection. At the time of the accident there was a light hanging over the intersection flashing an intermittent yellow caution signal in all directions. There was a house at the northeast corner of the intersection, situated about 33 feet from the east curb line of Union Street. The collision occurred in the northwest quadrant of the intersection.

Plaintiff testified that he was driving at a speed of about 20 to 25 miles per hour; that he thought the intersection was clear and after he entered the intersection he "looked back sort of" and saw the headlights of defendant's car coming at him.

The defendant was a deputy sheriff on his way to investigate a report of a shooting incident. His headlights were burning, and there was evidence from which the jury could have found that a red light on the dashboard just inside the windshield was flashing. The siren with which defendant's vehicle was equipped was not operating.

Defendant testified that he was driving west on Tenth Street at about 20 to 25 miles per hour; that he was about 25 feet from the intersection when he looked to his right and saw the headlights of a car approximately 100 feet north of the intersection; that he believed the approaching car was not "so close as to be an immediate hazard"; that he slowed down but did

not come to a stop, that he thought he "had the clear" and then "stepped on it in second and started across."

We are satisfied that the court did not err in refusing to withdraw from the jury the specifications of contributory negligence relating to speed, lookout and control. Whether plaintiff was negligent and whether his negligence was a contributing cause of the collision were questions for the jury. To hold that all three specifications, speed, lookout and control, should have been withdrawn would be to hold that as a matter of law plaintiff was not negligent. Such a holding clearly would not be warranted under the facts of this case. Plaintiff's own testimony that he was in the intersection before he saw the lights of defendant's car would support a finding that he was not keeping a proper lookout.

The flashing yellow light required plaintiff to proceed through the intersection "only with caution." Caution necessarily involved speed, lookout and control. Plaintiff's speed might have been reasonable if he had been keeping a sharp lookout and had his car under a full measure of control. If his lookout was inadequate then his speed may have been excessive and his control also inadequate. These questions are "interrelated and mutually dependent," *Nicholas v. Fennell,* 184 Or 541, 551, 554, 199 P2d 905; they are jury questions in this and similar cases. The fact that plaintiff was on an arterial street did not relieve him of the duty of exercising due care with reference to speed, lookout and control. See *Wilson v. Overbey,* 223 Or 256, 259, 354 P2d 319, and cases there cited.

Although we have held in several recent cases that it was not error to withdraw from the jury the allegation of negligence based on excessive speed, *Wilson v.*

*Overbey,* supra, *Johnson v. Bennett,* 225 Or 213, 357 P2d 527, *Krening v. Flanders,* 225 Or 388, 358 P2d 574, those cases are not apposite here.

■ We think the inadvertent transposition of "plaintiff" and "defendant" in one instance by the court in his instructions to the jury did not confuse the jury and was harmless.

The judgment of the lower court is affirmed.