Argued December 9, 1964, affirmed April 14, 1965

ROUGH *v.* LAMB ET AL

401 P. 2d 10

*Phil H. Ringle, Jr.,* Oregon City, argued the cause for appellant. On the brief were Hibbard, Jacobs, Caldwell & Kincart, Oregon City.

*Gerald R. Pullen,* Portland, argued the cause for respondent Lamb. On the brief were Frederic D. Canning, and Hershiser, McMenamin, Blyth and Jones, Portland.

*Theodore B. Jensen,* Portland, argued the cause for respondent Laubsch. With him on the brief were Davis, Jensen, Martin & Robertson, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

McALLISTER, C. J.

This is an action for damages for personal injuries sustained by plaintiff in an automobile collision. The jury returned a verdict for defendants, and plaintiff appeals.

The plaintiff contends that the trial court erred in refusing to hold that the defendants were negligent as a matter of law, and in failing to withdraw from the jury the defenses of contributory negligence in general and certain specific allegations of contributory negligence in particular.

The collision—a chain reaction affair—occurred on McLoughlin Boulevard in Clackamas county, early on a wet morning in November, 1961. Plaintiff was traveling north in the inside lane of the four-lane highway, and was following about one and one-half car lengths behind a car driven by a Mr. Boran. Directly behind plaintiff's car was a Chevrolet pickup driven by defendant Lamb, and next in line was a Ford pickup

driven by defendant Laubsch. Traffic northbound was heavy and plaintiff's car and the vehicles following him were moving along with the traffic at a speed of about 25 to 30 miles per hour.

Plaintiff testified that Boran suddenly applied his brakes, causing the tail lights of his car to flash and brought his car to a stop, that plaintiff "slammed on" his brakes and his car slid or skidded to a stop, turning as it stopped so that the left front wheel was over the yellow center line and the car was sitting at an angle. There was evidence that before plaintiff's car stopped it collided with the car ahead of it, although this was denied by plaintiff. Plaintiff testified that an instant after his car came to a stop it was struck two hard blows from the rear, and that the right side of his car was driven against the rear of the car ahead.

Defendant Lamb admitted that he was traveling about two car lengths behind plaintiff at about 30 miles per hour; that when he saw the plaintiff's car sliding to a stop he applied his brakes and turned to his left, and that the right rear corner of his pickup collided with the left rear side of plaintiff's car. Defendant Laubsch testified that he was following about three car lengths behind Lamb at about 30 miles per hour; that the front of his pickup collided with the left rear corner of the Lamb vehicle. The jury could have found, however, that the Laubsch pickup collided directly with plaintiff's vehicle. There was evidence that the traffic ahead of plaintiff stopped because of a wreck about 100 yards or so ahead on the highway.

■ Plaintiff's first assignment of error alleges that the court erred in denying his motion for a new trial. Since the motion for a new trial was based only on alleged errors committed during the trial, the denial

of the motion may not be assigned as error on appeal. See *Clarizo v. Spada Distributing Co., Inc.,* 231 Or 516, 520, 373 P2d 689 (1962), and cases therein cited.

■ Plaintiff also assigns as error the denial of his motion to strike all of the allegations of contributory negligence in the affirmative answers of both defendants. The motion was in effect a request that the court hold as a matter of law that plaintiff was not guilty of any of the negligence alleged in the answers. *Owens v. Goss,* 235 Or 102, 105, 383 P2d 1013 (1963). The court properly denied plaintiff's motion. The jury could have found that if plaintiff had been keeping a better lookout he would sooner have observed the traffic coming to a stop ahead of him and brought his own car to a gradual stop instead of a "very sudden stop." Plaintiff's speed and control were "interrelated" with his lookout. *Owens v. Goss,* supra. Whether plaintiff was negligent in any of the particulars charged was for the jury. *Shore v. Livengood,* 234 Or 280, 281, 381 P2d 492 (1963); *Britton v. Jackson et al,* 226 Or 136, 138, 359 P2d 429 (1961).

■ Plaintiff next assigns as error the refusal of the court to instruct the jury that both defendants were negligent, and that their negligence was the proximate cause of the accident, and that the sole question for the jury was the extent of the damages suffered by plaintiff. The court did not err in refusing to give this requested instruction. In the first place, the instruction ignores the effect of plaintiff's contributory negligence, which was for the jury. We also hold that whether the defendants were negligent was for the jury. Plaintiff relies on *Lehr v. Gresham Berry Growers et al,* 231 Or 202, 372 P2d 488 (1962), but that case is clearly not in point. In *Lehr* there was no evidence that the driver of the lead car slammed on

his brakes and skidded to a stop. In the case at bar the plaintiff brought his car to an abrupt stop, without any advance warning except that furnished by his tail light, which according to plaintiff flashed on when he applied his brakes. Whether under the circumstances of this case defendants were negligent in failing to stop without colliding with the vehicles ahead was a question for the jury.

Plaintiff assigns as error the refusal of the court to strike from the answers of both defendants the allegation charging plaintiff with "stopping his automobile without first giving a hand or other visible signal to the defendants of his intention so to do." We think no error was committed in submitting this issue to the jury. The applicable statute provides as follows:

"ORS 483.126 (1) The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety. * * * Whenever the operation of any other vehicle may be affected by such movement he shall give a proper signal which is plainly visible to the driver of such other vehicle of the intention to make such movement.

"(2) The signal required by subsection (1) of this section shall be given either by means of the hand or arm or by an approved mechanical or electrical signal device. * * *"

In *Voight v. Nyberg,* 218 Or 383, 388, 345 P2d 821 (1959), we held:

"* * * The vehicles which may be affected by the movement of the vehicle starting, stopping or turning from a direct line include vehicles approaching from the rear. This is made clear by paragraph (2) which specifically provides that the signal to the driver of the vehicle affected by the

movement must be visible both to the front *and rear*.

> "The term 'in safety' as used in the above section is not limited to the safety of the driver of the vehicle starting, stopping or turning from a direct line, nor to the safety of the drivers or occupants of oncoming cars, but includes the safety of all other people on the highway, including the drivers and occupants of vehicles approaching from the rear. ° ° °"

Plaintiff testified that his car was equipped with a stop light which flashed on when he applied the brakes. The statute requires a proper signal of the intention to stop. A proper signal is a signal adequate to give a reasonable warning. It was a question of fact for the jury whether under the circumstances of this case the signal given by plaintiff constituted a reasonable warning of his intention to stop.

Plaintiff's last assignment of error alleges that the court erred in denying his motion to strike from the answer of defendant Laubsch an allegation that plaintiff was negligent "in following too closely behind other traffic proceeding ahead of him." In *Garland v. Wilcox*, 220 Or 325, 348 P2d 1091 (1960) we held that the prohibition prescribed in ORS 483.312① against following too closely is for the benefit not only of the car ahead but "to others as well." We think the driver of the lead vehicle owes a duty to following vehicles not to follow a vehicle ahead of him so closely that if he has to stop suddenly he cannot give the vehicles behind a proper signal.

---

① 483.312 "(1) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and condition of the highway. ° ° ° ° °"

We think the questions of negligence, contributory negligence and causation were all properly submitted to the jury. We find no error, and affirm the judgment.

PERRY, J. concurs in the result.