Herbert M. KRIEGER and Betty L. Krieger, Appellants,

v.

Emery E. BAUSCH, Appellee.

No. 9014.

United States Court of Appeals Tenth Circuit.

May 18, 1967.

Roger F. Johnson, Denver, Colo., (Francis X. Wallace, Jon F. Kidneigh and McNichols, Wallace, Nigro & Johnson, Denver, Colo., with him on brief), for appellants.

Mike Hilgers, Denver, Colo., (Burnett, Watson & Horan, Denver, Colo., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellants, husband and wife, were in their automobile traveling south at night on Highway 120 in Wyoming. They came upon a disabled vehicle parked in their lane of travel and extending over the center line of the highway. Appellee's automobile, headed north, was parked south of the disabled vehicle on the shoulder of the road with its headlights lit. Two persons from the disabled vehicle were attempting to flag down traffic.

The appellant husband, who was driving, did not see the flagmen nor the disabled automobile until he had collided with it. Appellant wife was seriously and permanently injured and appellant husband also sustained injuries.

Appellants, residents of Nebraska, instituted this action for damages in the Federal District Court of Colorado where the appellee resides. They claimed that appellant husband was blinded by the lights of appellee's vehicle and, therefore, was unable to avoid the danger ahead. The case was tried to a jury who returned a verdict in favor of the defendant.

Appellants' statement of issues alleges error in the instructions.

"In reviewing the propriety and correctness of instructions, an appellate court should consider the charge as a whole; in other words, in determining on appeal the propriety of an instruction, it must be read along with other instructions that have been given." 5 Am.Jur.2d, Appeal & Error, § 894. This court recently affirmed that statement. "Instructions must be considered as a whole and not piecemeal." Connecticut Fire Insurance Company v. Fox, 361 F.2d 1, 6 (10 Cir. 1966).

The Supreme Court of Wyoming has adopted the same view. "All the instructions were, as the jury were in fact told, required to be considered together." Barber v. Sheridan Trust & Savings Bank, 53 Wyo. 65, 78 P.2d 1101, 1109 (1938).

Appellants contend that in view of the law and the evidence, an instruction should have been given which specifically pointed out that in the event both appellant husband and appellee were negligent, then recovery could have been had by appellant wife because the negligence of appellant husband could not be imputed to her. A written instruction was not offered containing this language, however, a verbal objection that such an instruction was not given was made to the court before the jury retired.

We note that the court instructed the jury immediately following its contributory negligence charge: "You are instructed, ladies and gentlemen, that the court rules as a matter of law that the plaintiff, Betty Krieger, cannot be charged by you with any contributory negligence on her part." This instruction clearly advised the jury that appellant wife could not be charged with

negligence, including any attributable to her husband.

In addition, four separate verdicts were given to the jury. These verdicts identified appellants separately indicating a separate award for each of them and a separate denial for each of them. The verdicts returned were the separate denials.

Considering the instructions as a whole, it is clear the jurors were told that they could find for either or both appellants if appellee was negligent, and that any negligence they found against appellant husband could not be charged against appellant wife.

■ Enumerated issue number two contains the threshold issue of the case. It is contended that under Wyoming law a violation of the Wyoming Motor Vehicle Code § 31–185 and § 31–190, 7 Wyo.Stat., constitutes negligence per se, and appellant was entitled to an instruction to that effect. By a well established line of decisions, the Wyoming Supreme Court has consistently held that the violation of a statute is negligence to be considered with all the other facts and circumstances in evidence and is a question to be submitted to the jury in determining whether or not the party was negligent at the time the act occurred. Checker Yellow Cab Co. v. Shiflett, Wyo., 351 P.2d 660 (1960); Wilcox v. Herbst, 75 Wyo. 289, 295 P.2d 775 (1956); Wallis v. Nauman, 61 Wyo. 231, 157 P.2d 285 (1945); Hester v. Coliseum Motor Co., 41 Wyo. 345, 285 P. 781 (1930).

■ In Edwards v. Harris, 397 P.2d 87, 94 (1964) the Supreme Court of Wyoming said, "Failure to dim would have been in violation of § 31–190 and sufficient to constitute negligence on the part of Seilaff." The entire paragraph, of which this sentence is a part, is in line with the established rule above set out. The paragraph illustrates that evidence of a violation of the statute, in the absence of other supporting evidence of negligence, is sufficient to justify submitting the question of negligence to the jury. The case does not deal with the question of negligence per se. " * * * [A]n intention to overrule a number of longstanding precedents should be expressed in plain and explicit terms * * * " 20 Am.Jur.2d, Courts, § 232.

■■ Furthermore, " 'It is a rule of universal application that general expressions used in a court's opinion are to be taken in connection with the case under consideration.' None of these cases turned upon the decision of the precise point now urged." United States v. Gotwals, 156 F.2d 692, 695, 169 A.L.R. 619 (10 Cir. 1946).

"It is essential that courts follow previous authorities so long as they lay down principles but when a previous case merely decides that a particular set of facts illustrates an existing rule it may be useful for edification but can rarely yield authoritative guidance. [Citations omitted]." Kansas City Life Insurance Co. v. Cox, 104 F.2d 321, 326 (6 Cir. 1939). The trial court's interpretation of the Wyoming law is correct.

The third issue raised by appellant is that the instruction on an unavoidable accident should not have been given.

■ Wyoming has adopted an unavoidable accident rule which is not as rigid as the one recognized in other jurisdictions. The Wyoming court has said, "As relates to motor vehicle accidents, we would say that the words mean an accident in which there is no negligence by either party." The court goes on to say, " * * * we think the law is clear that unavoidable, or inevitable, accident may be proved under a general denial." Friesen v. Schmelzel, 78 Wyo. 1, 318 P.2d 368, 371, 372 (1957).

■■ It is not error to give an unavoidable accident instruction if the jury can find that the accident resulted without the negligence of either party. The undisputed facts clearly indicate that the jury might have concluded that the disabled vehicle extending across the center line of the highway was the sole proximate cause of the accident and

that neither of the litigants herein were negligent. Under the pleadings, evidence and circumstances, it was proper to give the unavoidable accident instruction.

■ The fourth issue listed by appellant is that the jury was confused when the court erroneously identified the parties by switching their names and capacities. This occurred only once without immediate correction by the court. "We think the inadvertent transposition of 'plaintiff' and 'defendant' in one instance by the court in his instructions to the jury did not confuse the jury and was harmless." Owens v. Goss, 235 Or. 102, 383 P.2d 1013, 1015 (1963). The parties and their capacities were correctly identified throughout the instructions as a whole.

■ Appellant contends in enumerated issue number five that it was error, when instructing about the Motor Vehicle Code of Wyoming, to include the sections establishing the maximum speed on Wyoming highways. The instruction covering these sections was given because Wyoming's maximum speed of 65 m. p. h. is modified by other sections of the Code which require a driver to control his vehicle at all times and under all circumstances. The Supreme Court of Wyoming in Henman v. Klinger, 409 P.2d 631, 636 (1966) recently reaffirmed the rule quoted in Gamet v. Beazley, 62 Wyo. 1, 159 P.2d 916, 920 (1945): "The standard of care to be exercised in driving an automobile at night is one for the trier of the facts, in the absence of any standard derived from express legal enactment or the universal practice and custom of the community."

■ The theory of the appellant was that the negligence of the appellee in failing to dim his lights was the proximate cause of the accident. The defense of the appellee, as shown by the evidence, was that appellant driver did not have his vehicle under the control required by the circumstances. These conflicting theories and the legislative enactments applicable to each were correctly stated by the court.

■ Enumerated issue number six raises an objection to the preliminary language used in the instructions which specified the particular elements of damages which were recoverable. The court said, "It is the duty of the court to give instructions as to the measure of such damages. Now you, the jury, are not to infer from the fact that an instruction on the measure of damages is given, that the court is instructing you to award damages."

"The giving of cautionary instructions stands on a different footing from the giving of instructions on the law of the case and is a matter very much within the discretion of the court." 5A C.J.S. Appeal and Error § 1775. We cannot say that the trial court abused this discretion in this instance because it is evident that before the jury could consider damages, the question of liability had to be determined.

■ In addition, the use of the words "the fact that" in this instruction does not make it an objectionable "fact instruction." It has been said that a similar instruction[1] did not isolate an item of evidence and therefore, was not a "mere fact instruction." The instruction merely " * * * caution[ed] the jury not to draw a wrong inference from what the court has said or done." Perez v. Baltimore and Ohio Railroad Company, 24 Ill.App.2d 204, 164 N.E.2d 209, 213 (1960).

Having read the entire instructions, we are satisfied that the jury was properly instructed.

Affirmed.

---

1. "The fact that the court has given instructions on damages is not to be taken as an indication by the court that the defendants are liable." Perez v. Baltimore & Ohio R. R. Co., 24 Ill.App.2d 204, 164 N.E.2d 209, 213 (1960).