**Millard W. SIMINEO, Appellee,**

v.

**SCHOOL DISTRICT NO. 16, PARK COUNTY, WYOMING, and Janice W. Grosh, Jack Turnell, Alice R. Renner, John Hogg, and Arthur Thomas, Individually and in their official capacity, and James Barnett, Individually, Appellants.**

**No. 76–1997.**

United States Court of Appeals, Tenth Circuit.

Argued Aug. 11, 1978.

Decided March 22, 1979.

R. R. Bostwick of Murane, Bostwick, McDaniel, Scott, Greenlee & Owens, Casper, Wyo. (Richard W. Day of Goppert, Fitz-stephens, Day & Olson, Cody, Wyo., with him on brief), for appellants.

Michael H. Gottesman of Bredhoff, Cushman, Gottesman & Cohen, Washington, D. C. (Robert M. Weinberg and Jeremiah A. Collins, David Rubin, Washington, D. C., Charles E. Graves and Patrick E. Hacker, Cheyenne, Wyo., with him on brief), for appellee.

Before SETH, Chief Judge, and DOYLE and LOGAN, Circuit Judges.

PER CURIAM.

The plaintiff, a public school teacher in Wyoming, brought this section 1983 action against the school board, the members of the board in their official capacities, and the school superintendent individually. The plaintiff alleged that he was denied an automatic salary increase, that an attempt was made to fire him in midterm, and that he was terminated without procedural due process and for the exercise of his First Amendment rights.

The case was tried to a jury over a six-day period. The jury returned a general verdict for plaintiff against all defendants, awarding $60,000.00 as compensatory damages, $30,000.00 as punitive damages, and $5,000.00 as attorney fees.

The appellants here urge that there was not sufficient evidence to support the verdict, that evidence was improperly admitted, and that certain instructions were erroneous. Since this case was tried, the Supreme Court decided *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, which disposes of the question as to the status of the board, and the defendants in their official capacities, under 42 U.S.C. § 1983.

■ As to the matter of good faith and immunity, the court properly instructed the jury on the issue and the jury found a lack of good faith. The submission of the issue was warranted by the proof, and there was sufficient evidence in the record from which the jury could find an absence of good faith. *See Smith v. Losee*, 485 F.2d 334 (10th Cir.).

■ The plaintiff, Millard W. Simineo, was a "continuing contract teacher," and

under the Wyoming Teacher Employment Law he could not be discharged without good cause. W.S.1957, 1975 Cum.Supp. § 21.1–154. A discharge is lawful only if substantial evidence shows the existence of good cause, and the teacher is given a hearing by an impartial board as required by Wyoming's Administrative Procedure Act, W.S.1957, 1975 Cum.Supp. §§ 9–276.19 et seq. See Monahan v. Board of Trustees, 486 P.2d 235 (Wyo.). Continuing contract teachers are also granted a pay increase each year. The "step" increase is automatically granted unless the school board expressly decides otherwise. The plaintiff had taught for twenty-five years, thirteen of which were for the defendant school district under three different superintendents before Mr. Barnett became superintendent.

The record shows that plaintiff had been for a long period the "head teacher" in an elementary school. There was an organizational change and the defendant Barnett was designated "superintendent" and was given authority over the administration of defendants' school. Mr. Barnett sought substantial changes in teaching methods with which plaintiff did not agree. Plaintiff was vocal in his criticism of these changes. The record refers to his conversations and statements "down town," referring to the community where the school was located. The statements there by plaintiff about the teaching methods were the basis for the First Amendment claim. Smith v. Losee, 485 F.2d 334 (10th Cir.). The defendant Barnett, when he called in plaintiff to discuss an evaluation of his teaching, referred to the downtown statements and stated to plaintiff that he was tired of plaintiff "talking behind his back."

The testimony also explained why plaintiff did not attend the board meeting referred to below and that defendant Barnett did not accurately advise the Board why plaintiff did not come to the meeting. This was evidence on which the jury could well have based the finding of lack of good faith.

■ There was sufficient evidence in the record to support the submission of the First Amendment issue to the jury, and the verdict. The defendants apparently do not object to the instructions on this point.

Defendant Barnett subsequently recommended and the school board agreed to deny plaintiff his step increase for "unsatisfactory performance" and lack of cooperation with the administration. Plaintiff requested and was granted a hearing, but he failed to attend because his attorney was not available on that date. The board met anyway, and the minutes reflect that the superintendent rescinded his original recommendation and asked instead that the plaintiff be discharged. The board consented. This decision was, however, later revoked on the advice of the school board's attorney, but the salary freeze was approved.

The plaintiff filed suit shortly thereafter. He was under frequent observation from that time until his discharge the following year. The administrative assistant evaluated plaintiff favorably and believed that he was improving. The superintendent disagreed and, following his recommendation that plaintiff be discharged, the board met and approved the recommendation without granting plaintiff a hearing prior to their decision. They did, however, conduct a hearing on a later date with a hearing examiner who concluded that plaintiff's conduct warranted termination. See Staton v. Mayes, 552 F.2d 908 (10th Cir.).

The discharge notice stated, as grounds for dismissal, that plaintiff failed to make satisfactory progress, failed to cooperate with other teachers, lacked enthusiasm, and failed to submit reports on time.

■ The record shows that substantial evidence supports the verdict. The trial judge instructed the jury to determine whether "the board had already made up its mind on the matters and was merely conducting the hearing in order to comply with the formal requirements of the law."

There was evidence that the board did approve the superintendent's recommendations prior to granting plaintiff a hearing. The testimony of the dissenting board member is to this effect.

■ Furthermore, there was substantial evidence from which the jury could infer that the superintendent's recommendations were not based on good cause, but were in fact mere pretexts for various actions protected by the First Amendment. The administrative assistant's evaluation was favorable. The plaintiff had received excellent evaluations from previous superintendents.

■ Appellants also maintain that the evidence does not support the damages award. Again, we do not agree. There was substantial evidence on plaintiff's loss of income, his injury to reputation, physical and mental health. The jury was instructed on punitive damages.

■ Appellants also argue that several evidentiary rulings were in error and substantially prejudiced their case. As to one issue, the trial judge granted plaintiff's motion *in limine* which restricted the defendants from inquiring into the details of a disciplinary incident involving the plaintiff. The judge granted plaintiff's motion because the incident itself was not one of the reasons defendants relied on for the discharge. They had claimed only that the plaintiff failed to submit a timely report concerning the incident. The trial judge's decision was within his discretion and this he did not abuse. *Keen v. Detroit Diesel Allison*, 569 F.2d 547 (10th Cir.).

The other claimed error relates to the trial judge's exclusion of testimony given by the administrative assistant at plaintiff's discharge hearing. Because the assistant was unavailable at trial, defendants sought to introduce this testimony under the hearsay exception for former testimony. Fed.R. Evid. 804(b)(1). Defendants, however, failed to make an offer of proof at trial

which prevents us from determining the significance of this testimony. We therefore cannot say appellants were substantially prejudiced. *Keen v. Detroit Diesel Allison*, 569 F.2d 547 (10th Cir.).

■ Defendants also assert that the trial judge's cautionary instruction regarding the plaintiff's emotional demeanor at trial was inadequate. Cautionary instructions are within the sound discretion of the trial court. *Krieger v. Bausch*, 377 F.2d 398 (10th Cir.). The judge's charge to the jury that it was to "consider the case fairly, honestly, impartially, and in light of reason and common sense and make your decision without regard to feelings of sympathy, bias or prejudice" was not an abuse of discretion.

■ The other instruction complained of states:

"Under the Fourteenth Amendment, a public school teacher has not only a civil right to freedom of speech both outside and inside the schoolhouse, but said public school teacher also has some measure of academic freedom in the classroom itself. Thus a teacher cannot be discharged for using a particular teaching method or technique relevant to the proper teaching of the subject matter involved unless the school district has established that the teacher was put on notice either by regulation or otherwise before adverse action was taken that he should not use such method or technique."

Appellants objected to this instruction as raising an issue not pled prior to trial. The trial judge disagreed and believed the instruction was proper because both parties offered evidence concerning the plaintiff's teaching philosophy and its effect on classroom discipline. Indeed, James Barnett, the superintendent, testified at length that plaintiff's unsatisfactory evaluation was based on his inability to provide an "instruction-like atmosphere" conducive to learning. Where, as in the case at bar, there is sufficient evidence to develop the

**1358**

issue or theory of the case, the party offering the instruction is entitled to have it given. *Lupton v. Torbey*, 548 F.2d 316 (10th Cir.); *Lopez v. Southern Pacific Co.*, 499 F.2d 767 (10th Cir.).

AFFIRMED.