719 F.2d 950
 33 Fair Empl.Prac.Cas. 92, 32 Empl. Prac.
Dec. P 33,885,
14 Ed. Law Rep. 249
 Pat BEHLAR, Appellant,
v.
Dr. Herman SMITH, Jr., Chancellor; Board of Trustees of the
University of Arkansas, Specifically Raymond P. Miller,
M.D., Chairman, Lewis Ramsey, Jr., Bradley D. Jesson,
Kaneaster Hodges, Jr., Diane Nolan, Jacquelin Douglas,
Ph.D., Robert Pugh, Hugh B. Chalmers, Jack Williams and Hall
McAdams, II, Appellees-Appellants/Cross-Appellees.
Rachel GREER, et al., Appellees/Cross-Appellants,
v.
Dr. Herman SMITH, Jr., Chancellor; Board of Trustees of the
University of Arkansas, Specifically Raymond P. Miller,
M.D., Chairman, Lewis Ramsey, Jr., Bradley D. Jesson,
Kaneaster Hodges, Jr., Diane Nolan, Jacquelin Douglas,
Ph.D., Robert Pugh, Hugh B. Chalmers, Jack Williams and Hall
McAdams, II, Appellees-Appellants/Cross-Appellees. (Two cases).
 Nos. 82-2062, 82-2241 and 82-2271.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1983.
Decided Oct. 27, 1983.
 
 Philip E. Kaplan, Karen L. Arndt, Kaplan, Hollingsworth, & Brewer, P.A., Steve Clark, Atty. Gen. by Nelwyn Davis, Asst. Atty. Gen., Little Rock, Ark., for appellees-appellants/cross-appellees.
 Vashti O. Varnado, Little Rock, Ark., for appellant Pat Behlar.
 Before LAY, Chief Circuit Judge, McMILLIAN and JOHN R. GIBSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Board of Trustees of the University of Arkansas and the Chancellor of the University of Arkansas at Pine Bluff were found to have discriminated against Dr. Rachel Greer, Dr. Rosemarie Word, Dr. Clara Jennings, Ms. Alma Murphy and Ms. Anne Finley because of their sex. The district court[1] awarded backpay and ordered that Dr. Greer be considered for the position of permanent chairmanship of the Health, Physical Education and Recreation Department and that Dr. Word be placed in the position of Director of Educational Experiences. Damages for harassment were awarded to Dr. Greer and Ann Finley. An unfavorable report was ordered removed from the file of Dr. Jennings. The defendants were enjoined from considering sex when making future job decisions relating to promotion, pay, assignment and tenure and from any sort of retaliatory conduct. The discrimination claim of Dr. Patricia Ann Behlar was denied, and she appealed. The defendants appeal primarily arguing that the district court's findings of sex discrimination were clearly erroneous. They also claim error in allowing Dr. Word's intervention, in certifying a class, the award of harassment damages, the calculation of backpay and Dr. Word's placement in a position of department director. We affirm the judgment of the district court, with the exception of its award of harassment damages, and remand this issue to the district court for further consideration.
 
 
 2
 Dr. Rachel Greer brought this class action complaining that the position of Chairperson of the Health, Physical Education and Recreation Department was filled by Dr. Joseph Cornelius, a black male, and that she was not given the position as a result of sex discrimination and was thereafter subjected to substantial harassment. Dr. Word was allowed to intervene in the action, claiming that Dr. Jesse Rancifer was appointed Director of Educational Experiences and that her unfair treatment in applying for the job was motivated by sexual discrimination.
 
 
 3
 A class was certified and the district court found for all plaintiffs except Dr. Patricia Behlar. The opinion is reported in Greer, et al. v. University of Arkansas Board of Trustees, 544 F.Supp. 1085 (1982). The district court in its detailed findings found that the Division of Teacher Education, and particularly the Health, Physical Education and Recreation Department, had been "pervaded with a discriminatory attitude toward women" and that this reached gross proportions after appointment of Dr. Cornelius as department head. Dr. Cornelius "carried on an unbelievable campaign of harassment and discrimination against virtually all the women in this department." 544 F.Supp. 1091. The district court found that administrative superiors of Dr. Cornelius either were aware or should have been aware of his vendetta against the women and that this was particularly true of Dr. Walter D. Littlejohn, whom the court found had displayed insensitivity to discrimination against women on the basis of sex.
 
 
 4
 The University appellants argue that the district court's finding of intentional discrimination was clearly erroneous, that an improper burden was placed on them and that the district court erred in finding that the University's proffered reasons were pretext.
 
 
 5
 We have carefully considered the findings and conclusions of the district court, which are set out in detail in its reported opinion. It is apparent that the district court correctly allocated the burden of proof in accordance with Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) and McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The district court found a prima facie showing of discrimination with respect to Dr. Greer and Dr. Word. It found that the reasons for selection of Dr. Rancifer over Dr. Word were clearly pretextual and that the selection process was a charade. With respect to Dr. Greer, it found that the selection process was a farce and that Dr. Cornelius was the least qualified of the three applicants, which included Dr. Greer and Dr. Vanette Johnson. The district court found that both Dr. Greer and Ms. Finley were subjected to acute abuse and harassment from Dr. Cornelius and awarded $5,000 damages to Dr. Greer and $2,500 to Ms. Finley for the harassment. The district court awarded salary differential to Ms. Alma Murphy for the period July 1977 to July 1979 and found that her salary had been substantially equalized with the men's basketball coach three years ago.
 
 
 6
 We need not outline the findings of the district court's order nor engage in a detailed discussion of the record in this case. Suffice it to say that the findings of the district court with respect to the claims of Dr. Greer, Dr. Word, Dr. Jennings, Ms. Murphy and Ms. Finley are not clearly erroneous and should be affirmed.
 
 
 7
 Similarly, with respect to the claim of Dr. Behlar, we conclude that the findings denying her claim of sex discrimination are not clearly erroneous and should also be affirmed on the basis of the district court's order.
 
 II.
 
 8
 University appellants make two claims of procedural errors on the part of the district court. The first is that the district court improperly allowed Dr. Word to intervene because she had not filed a charge with the EEOC. It is claimed that this is a jurisdictional defect that defeats the order allowing intervention under Rule 24, Federal Rules of Civil Procedure. We do not find cases under Rule 24 that clearly govern this issue. However, in cases construing Rule 23 with respect to class actions in Title VII cases, it has been held that the purpose of 42 U.S.C. Sec. 2000e-5(e) is to provide notice to the charged party so as to bring to bear the voluntary compliance and conciliation functions of the EEOC. When any charge is filed, these purposes are served as there is no claim of surprise in such a situation. Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 720 (7th Cir.1969). Miller v. International Paper Co., 408 F.2d 283, 285 (5th Cir.1969). The University, having been apprised of the sex discrimination claims by the other individuals, cannot now claim it was improper to allow Dr. Word to intervene so as to assert charges of the same nature.
 
 
 9
 Appellant University also argues that the district court erred in certifying a class. The record discloses that a stipulation was made by the parties with respect to the extent of the membership in the class. Under these circumstances we must reject appellant's argument. Having reviewed the record, we find no abuse of discretion in the district court's order declaring a class and proceeding to dispose of the case on the basis of the class as so certified.
 
 III.
 
 10
 Appellant University makes numerous arguments concerning the damages for harassment awarded to Dr. Greer and Ms. Finley. A review of the court's order and the record in this case causes us to conclude that there was substantial evidence of harassment of these two individuals by Dr. Joe Cornelius, and that Dr. Littlejohn had knowledge of the harassment. The award of damages, however, is against the Chancellor and against the members of the Board of Trustees of the University. We thus have an issue not only of whether the damages for harassment are appropriate but also whether the parties against whom the award was entered are properly subject to such award of damages.
 
 
 11
 This court in Williams v. Trans World Airlines, Inc., 660 F.2d 1267, 1272-73 (8th Cir.1981), has held that an award of damages for humiliation or mental distress is an appropriate remedy for deprivation of constitutional rights in an action under 42 U.S.C. Sec. 1981 and Title VII. In Williams the district court found an actual injury but denied recovery and this court remanded for determination of damages for mental distress. 660 F.2d at 1273. Other circuits deny such damages in cases asserting claims solely under Title VII. See Walker v. Ford Motor Co., 684 F.2d 1355, 1363-64 (11th Cir.1982). We need not tarry long on this issue as in this case plaintiff sought recovery under 42 U.S.C. Sec. 1983. The evidence of the particularly egregious conduct of Dr. Cornelius fully justifies an award of damages for harassment which is closely related to the mental and emotional distress recognized in other decisions. See Harris v. Harvey, 605 F.2d 330, 340 (7th Cir.1979); Simineo v. School District No. 16, 594 F.2d 1353, 1357 (10th Cir.1979). The damages awarded indicate that the award was of the nature of compensatory damages rather than punitive damages.
 
 
 12
 The district court findings concerning the harassment by Dr. Cornelius do not address questions of the responsibility of the University appellants for such damages under the eleventh amendment, Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Jackson Sawmill v. United States, 580 F.2d 302 (8th Cir.1978), or whether the Board of Trustees and Chancellor Smith have a personal qualified immunity from liability under 42 U.S.C. Sec. 1983, Procunier v. Navarette, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978). Further, the findings do not demonstrate whether Chancellor Smith and the Board of Trustees have personal responsibility for the acts of Cornelius or whether the liability is solely based on a theory of respondeat superior. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); DeShields v. U.S. Parole Commission, 593 F.2d 354 (8th Cir.1979). We thus lack sufficient specific findings to properly review the arguments raised with respect to damages awarded for harassment. We, therefore, remand to the district court for further findings on this issue. See Anthan v. Professional Air Traffic Controllers, 672 F.2d 706, 711-12 (8th Cir.1982).
 
 IV.
 
 13
 University appellants argue that the district court applied the wrong measure in calculating the backpay award because it did not consider as interim earnings the additional compensation for summer work or other overload compensation received by those plaintiffs on a nine-month contract. The district court properly considered this issue under the standards discussed in Bing v. Roadway Express, 485 F.2d 441 (5th Cir.1973), and found that the amounts earned during the summer months and in the evenings during regular school terms were in excess of their contract amounts and were compensation for services which these plaintiffs could earn in spite of their new positions. It refused to allow a deduction as interim earnings under 42 U.S.C. Sec. 2000e-5(g). We conclude that this finding is not clearly erroneous.
 
 
 14
 The district court did not abuse its discretion in awarding pre-judgment interest on backpay as it found that the backpay recovery was reasonably capable of being ascertained at the time of the discriminatory act and that the backpay recovery would not be complete and the plaintiffs would not be made whole without pre-judgment interest. See General Facilities v. Nat. Marine Service, 664 F.2d 672, 674 (8th Cir.1981).
 
 V.
 
 15
 The judgment is affirmed in all respects with the exception of the damages for harassment awarded to Dr. Greer and Ms. Finley. The judgment as to this issue is vacated and remanded for further proceedings.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas