Frances DANNA, Plaintiff

v.

NEW YORK TELEPHONE COMPANY, Defendant.

No. 87 CIV. 7250 (CBM).

United States District Court, S.D. New York.

Jan. 29, 1991.

Louie Nikolaidis, Lewis, Greenwald, Kennedy, Lewis, Clifton & Schwartz, New York City, for plaintiff.

Ronald Burden, Saul Scheier, Lon Bannett, New York Telephone Co., New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff submits application for award of backpay, equitable relief in the form of reinstatement, prejudgment interest pursuant to this court's Findings of Fact and Conclusions of Law, dated November 17, 1990,[1] holding defendant New York Telephone liable for sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., in its

demotion of Danna and for sexual harrassment in forcing Plaintiff to work in a hostile environment. Familiarity with the facts of this case are assumed.

Today, the court awards Plaintiff a judgment of $58,499.00 in backpay and $18,472.00 in prejudgment interest for a total award of $76,971.00. Plaintiff is also awarded reinstatement to the position of Service Technician. 42 U.S.C. § 2000e–5(g). Application for attorneys fees and costs shall be submitted by February 28, 1991. See 42 U.S.C. § 2000e–5(k). The court's calculation of damages was determined as follows.

■ Plaintiff and Defendant agree on the amounts earned by Fran Danna in the period following her discriminatory demotion from November 10, 1986 through the present. However, they disagree as to which average salaries Danna's "interim" earnings should be offset. See 42 U.S.C. § 2000e–5(g) ("Interim earnings ... by the person ... discriminated against shall operate to reduce the back pay otherwise allowable.")

At the time of the discriminatory treatment in this case, Plaintiff Danna was employed at New York Telephone as a Service Technician in the Special Services Department at JFK Airport. The JFK facility employed Service Technicians in two capacities: Repair and Installation. The training in the two respective units was the same. See Opinion, Finding of Fact # 83. In fact, because of the similarities of skills, Service Technicians could be easily moved from one unit to the other depending upon need. This could be accomplished because Repair and Installment were part of the same Department, Special Services. See Opinion, Finding of Fact # 15. One chief difference between the two positions is that Repair technicians worked far more overtime, and therefore earned larger salaries, than Installation technicians.

Plaintiff submits, and this court agrees, that the computation of Danna's damages should be based upon the average salary of all Service Technicians at JFK Airport dur-

1. *Danna v. New York Telephone Company,* 752 F.Supp. 594 (S.D.N.Y.1990).

ing the applicable period, those in Repair and in Installation. Defendant objects and argues that damages should be based upon the average salary of Service Technicians in the Installation unit only. Plaintiff argues that since Danna was known to seek out overtime work and worked on average more overtime hours than other technicians, she should have the benefit of damages calculated based on these overtime salaries. *See* Tr. 350. This court agrees. Since the positions were generally interchangeable, and the record showed that Danna sought out overtime work, it is reasonable for the court, in its discretionary capacity, to determine damages based on the broader array of salaries. *See Pettway v. American Cast Iron Pipe Co.,* 494 F.2d

211 (5th Cir.), *reh. and reh. en banc denied* (1974) (to ascertain damages "unrealistic exactitude is not required" and "uncertainties" regarding employee damages may be "resolved against the discriminating employer." *Id.* at 260–61.). The record showed that Danna had been moved (loaned) to different units in the company when a need arose, as they sometimes did. Management had the discretion to do this. *See* Opinion, Finding of Fact # 95.

The following graph illustrates, as numbered, 1) the average salary for Service Technicians employed in Special Services at JFK Airport; 2) Danna's actual salary during the periods; and 3) the difference between 1) and 2), which totals Danna's backpay award.

|  | 1986 [2] | 1987 | 1988 | 1989 | 1990 |
|---|---|---|---|---|---|
| 1) | 7,036 | 50,440 | 53,677 | 36,483 | 57,163 |
| 2) | 4,497 | 34,008 | 39,950 | 27,419 | 40,426 |
| 3) | 2,539 | 16,432 | 13,727 | 9,064 | 16,737 |

The cumulative backpay award totals $58,499.00. Prejudgment interest is added and compounded yearly for a total damage award of $76,971.00.[3]

■ Prejudgment interest can be granted at the discretion of the trial judge. *E.E.O.C. v. Wooster Brush Co, Employees Relief Ass'n,* 727 F.2d 566 (6th Cir.1984) (approving prejudgment interest at the adjusted prime rate in Title VII suit); *see also E.E.O.C. v. County of Erie,* 751 F.2d 79, 82 (2d Cir.1984) (prime lending rate is appropriate to assess prejudgment interest in suit under the FLSA and Equal Pay Act). "[E]xpress statutory provision for the award of prejudgment interest is unnecessary." 751 F.2d at 81 (citing *Rodgers v. United States,* 332 U.S. 371, 373, 68 S.Ct.

5, 7, 92 L.Ed. 3 (1947)). The purpose of awarding prejudgment interest is to make the Plaintiff whole. *E.E.O.C. v. County of Erie,* 751 F.2d at 80. "Prejudgment interest serves at least two purposes: (1) it helps compensate plaintiffs for the true cost of money damages they have incurred, and (2) where liability and the amount of damages are fairly certain, it promotes settlement and deters an attempt to benefit unfairly from the inherent delays of litigation." *General Facilities, Inc. v. National Marine Service,* 664 F.2d 672, 674 (8th Cir.1981) (court upheld prejudgment interest rate of 15.75%, average prime lending rate, as reasonable and no abuse of discretion). This court holds that prejudgment

---

**2.** Damages in 1986 were calculated as of the date discrimination was found, November 10, 1986, until the end of the year. The average salary is based upon the yearly average adjusted for that eight-week period.

**3.** Cumulative damages are multiplied by the annual rates of 9.5% in 1986, 9.25% in 1987, 10.5% in 1988, 11.5% in 1989, 11% in 1990, and 11% in 1991. These rates are based on the federal

short-term rate pursuant to Internal Revenue Code guidelines for underpayment of taxes, 26 U.S.C. § 6621. The National Labor Relations Board calculates interest on backpay based on the federal short-term rate, and in this case, the interest has been compounded annually. *See New Horizons for Retarded, Inc.,* (1987) 283 N.L.R.B. 1173, 125 L.R.R.M. 1177 (BNA), 1986–87 CCH NLRB P 18750.

interest is warranted to make Plaintiff whole and that backpay is "reasonably capable of being ascertained." *See Behlar v. Smith,* 719 F.2d 950, 954 (8th Cir.1983). This court further finds the federal short-term rates to be reasonable.

■ Plaintiff asserts she is due an additional sum based upon an "historical multiplier." This multiplier adjusts the damages to be received by Plaintiff to the historical amount by which her salary typically surpassed the salaries of her co-workers; that is, she alleges that her award should be increased by yet another factor because she typically worked significant amounts of overtime. She accomplishes this by dividing her 1985 salary by the average Service Technician salary in 1985 thus creating a "multiplier" which she then multiplies by the total damage award (after adjusting it for prejudgment interest). This court is unconvinced. Plaintiff cites no case law which supports such an award and this court sees no rationale which would justify it. Therefore, Defendant must pay Plaintiff a damage award totalling $76,971.00. Any petition which Plaintiff's counsel wishes to submit for attorneys fees and costs will be received by this court no later than February 28, 1991. There will be a hearing on the matter of attorneys fees on March 15, 1991 at 11:00 A.M. in Courtroom 906.

SO ORDERED.