**Wendell H. WELBERN, Appellant,**

v.

**Dennis HUNT, et al., Appellees.**

**Nos. 90–1114, 90–1145.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1990.

Decided April 10, 1991.

Philip E. Kaplan, Little Rock, Ark., for appellant.

Wyman R. Wade, Jr., Fort Smith, Ark., for appellees.

Before ARNOLD and FAGG, Circuit Judges, and McMILLAN *, Senior District Judge.

McMILLAN, Senior District Judge:

This is the second appeal of this case.

On May 9, 1989, this court *affirmed* the finding of the district court that plaintiff Wendell Welbern ("Welbern") was discharged by defendant City of Fort Smith ("the City") in violation of Welbern's due process rights, but *reversed* the district court's determination of the back pay to which Welbern was entitled. *Welbern v. Hunt*, 874 F.2d 532 (8th Cir.1989).

Welbern appeals the district court's back pay determination on remand, and the City cross-appeals.

For the reasons discussed below, we AFFIRM IN PART, REVERSE IN PART (on the method of calculating back pay only) AND REMAND.

## I.

Welbern was formerly Assistant Director of Operations for the City of Fort Smith, Arkansas. His job position was abolished and his employment was terminated. He then filed this suit alleging that his discharge violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution.

At the time of his discharge in 1986, Welbern had been working for the City in various capacities for over fifteen years.

Welbern contended that defendants violated his rights by failing to consider reassigning him to another position within the City's Operations Department in lieu of terminating his employment. He based his contention on Section II(E) of City Ordinance No. 3715, which provides:

In the event of a layoff or reduction in the work force in any department, probationary employees shall first be laid off; if any further reduction in force is necessary, the employee in that department with the least seniority shall be laid off, provided that the remaining employees in the department have the ability to perform the remaining available work with normal efficiency and without further training.

The district court found that this ordinance gave Welbern a property interest in his continued employment subject to due process protection, and ordered the City to reinstate Welbern with back pay.

On May 9, 1989, this court affirmed the district court's finding that Welbern's due process rights had been violated, but reversed the award of back pay, stating:

We reverse the District Court's back pay award, and direct on remand that the District Court recalculate Welbern's back-pay damages based on the salary he would have received (less interim earnings) if he had bumped down into the next lower position in the Department for which he was qualified. This calculation depends, in turn, on a determination of what this new job would have been, an issue which appears unresolved on the present record.

874 F.2d at 535.

On remand, Welbern contended that he should be reassigned to one of three positions within the Department: Street Drainage Supervisor, Street Maintenance Supervisor, or Traffic Control Coordinator.

The City contended that Welbern was entitled only to the position of Equipment Operator II (driver of a bus carrying work crews), a job position that was vacant at the time of the remand and that the City had offered Welbern during the pendency of the City's prior appeal to this court.

## II.

■ The district court conducted a two-day evidentiary hearing on August 29 and

---

* The Hon. James B. McMillan, Senior United States District Judge for the Western District of North Carolina, sitting by designation.

30, 1989, in which testimony was taken from witnesses for both sides, and decided that Welbern was entitled to only the Equipment Operator II position.

The district court appears to have based this conclusion primarily on the testimony of three of the City's witnesses: Bob Wright, Director of Operations; Dennis Hunt, Assistant City Administrator; and Bill Harding, Assistant City Administrator for Development Services. Those three witnesses testified that Welbern had demonstrated an inability to work with the public; that the three positions Welbern sought would require him to deal with the public; and that the City's operations would suffer if Welbern were awarded any of those three positions. *See* Tr. 169–72, 211–15, 226–31, 265–74.

The district court, after two days of hearings that resulted in a 301–page transcript, chose to believe the witnesses who testified that Welbern was unable to deal with the public, and was therefore not qualified to serve as Street Drainage Supervisor, Street Maintenance Supervisor, or Traffic Control Coordinator. Accordingly, the district court determined that Welbern was entitled to back pay based upon only the position of Equipment Operator II.

We have read the entire record. The finding of the district court that Equipment Operator II is the "next lower position in the Department for which [Welbern] was qualified" *is* supported by adequate competent evidence, and is not clearly erroneous.

Although a different conclusion might have been reached based on *some* of the evidence before the trial court, "[f]indings of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Fed.R.Civ.P. 52(a).

We affirm the district court's finding that Welbern is entitled to back pay for the Equipment Operator II position.

### III.

▆ The district court agreed with the City that Welbern was entitled to back pay for the position of Equipment Operator II; the City, nevertheless, appeals the district court's determination of back pay, on the ground that the district court based its calculations solely on salary data from the year 1986.

The *City* contends on appeal that the district court should have calculated back pay based upon the period beginning with Welbern's last day on the job with the City (January 10, 1986; Tr. 84) and ending on the day (July 8, 1988; Tr. 260) the City offered Welbern the Equipment Operator II position.

*Welbern* contends on appeal that the district court erred by including overtime pay in the amount of interim earnings to be deducted from the award of back pay. *See Behlar v. Smith,* 719 F.2d 950 (8th Cir. 1983); *DeFries v. Haarhues,* 488 F.Supp. 1037 (C.D.Ill.1980).

We agree with both of the above contentions; the proper measure of the back pay award to which Welbern is entitled is the salary of the Equipment Operator II position from January 10, 1986 until July 8, 1988, reduced by Welbern's income—*exclusive of overtime pay*—from other employment during that time period.

On remand, the district court shall calculate the back pay to which Welbern is entitled based on this formula.

Affirmed in part, reversed in part (on the method of calculating back pay only), and remanded.