Argued and submitted December 3, 2018, affirmed January 29, petition for review denied May 21, 2020 (366 Or 493)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELLEN M. GUYNN,
*Defendant-Appellant.*

Yamhill County Circuit Court
17VI06590; A165616

459 P3d 900

Defendant was found guilty of "following too closely," ORS 811.485(1)(a), for repeatedly following the car in front of her at a distance of only six feet while traveling at 55-to-60-miles-per-hour speeds. Under ORS 811.485(1)(a), a driver has the duty to not follow the preceding car so closely so as to create an "unreasonable risk" to others under the driving conditions present. *Garland v. Wilcox*, 220 Or 325, 336, 348 P2d 1091 (1960). On appeal, defendant contends that, when that statute is properly construed, the evidence is not sufficient to show that her conduct violated it. *Held*: The evidence was sufficient to support the trial court's finding that defendant's driving violated ORS 811.485(1)(a).

Affirmed.

Samuel Justice, Judge pro tempore.

Jason E. Thompson argued the cause for appellant. Also on the brief was Ferder Casebeer French & Thompson LLP.

Adam Holbrook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

While driving along a three-mile stretch of Highway 18, defendant repeatedly followed the car in front of her at a distance of only six feet. For that conduct, she was found guilty of "following too closely" in violation of ORS 811.485 (1)(a). On appeal, defendant contends that, when that statute is properly construed, the evidence is not sufficient to show that her conduct violated it. We disagree and, therefore, affirm.

In a traffic violation case, we review a challenge to the sufficiency of the evidence by examining the evidence "in the light most favorable to the state to determine whether any rational trier of fact could have found that the essential elements of the violation had been proved by a preponderance of the evidence." *State v. Bainbridge*, 230 Or App 500, 502, 216 P3d 338 (2009) (brackets and internal quotation marks omitted). To the extent that the issue of evidentiary sufficiency turns on a question of statutory interpretation, that is a question of law that we review for legal error. *State v. Ritter*, 280 Or App 281, 285-86, 380 P3d 1160 (2016).

ORS 811.485(1)(a) states that "[a] person commits the offense of following too closely" if the person "[d]rives a motor vehicle so as to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon, and condition of, the highway." The provision has been a part of the Oregon law, with minor variations, since 1931, when Oregon adopted it from the Uniform Vehicle Code. *See* Or Laws 1931, ch 360, § 31.[1] In the nearly 90 years since its enactment, the Oregon Supreme Court has had occasion to apply the statute frequently, interpreting it in the process. As the court has explained, the statute means that a driver has the duty to not follow the preceding car so closely so as to create an "unreasonable risk" to others under the driving conditions present. *Garland v. Wilcox*, 220 Or 325, 336, 348 P2d 1091 (1960). The duty extends "not only to those in the car which

---

[1] As originally enacted, the statute provided, "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and condition of the highway."

is being followed too closely, but to others as well, including the occupants of oncoming cars." *Id.*; *see also Rough v. Lamb*, 240 Or 240, 245, 401 P2d 10 (1965) ("We think the driver of the lead vehicle owes a duty to following vehicles not to follow a vehicle ahead of him so closely that if he has to stop suddenly he cannot give the vehicles behind a proper signal.").[2]

It is true that, in interpreting the statute over the years, the court has employed a much more cursory analysis than that which we have become used to as a result of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). That, however, does not mean that those prior interpretations are not authoritative. *See Mastriano v. Board of Parole*, 342 Or 684, 691-92, 159 P3d 1151 (2007) (explaining that "a decision of [the Supreme Court] interpreting a statute can be neither discounted nor disregarded merely because it predates *PGE*"). More to the point, those prior interpretations remain binding on this court and the trial courts.

Applying that standard here, when the evidence is viewed in the light most favorable to the state, it is sufficient to permit a finding that defendant followed the car in front of her "more closely than is reasonable and prudent,

---

[2] Other state appellate courts have reached conclusions comparable to that of our Supreme Court when interpreting the provision of the Uniform Vehicle Code from which Oregon's "following too closely" prohibition originated. *See, e.g.*, *State v. Harper*, 163 Idaho 539, 543, 415 P3d 948, 952 (Ct App 2018). Although the prohibition, as interpreted, is not tuned with finely calibrated precision, that is because it cannot be. Reasonably safe driving requires reasonable judgment by a driver under the driving conditions encountered. As the Idaho Court of Appeals observed in explaining why the standard, although imprecise, is not unconstitutionally vague, whether a driver is following too closely for purposes of the statute is something that must turn necessarily on the particular driving conditions:

"The prohibition of following too closely does not need to be reduced to an exact mathematical equation, factoring in speed, distance, car size, etc. in order to provide notice to a driver of ordinary intelligence how close is too close when following another vehicle. Indeed, to do so would inevitably fail to adequately address at least one of the many variables that change depending on the conditions. It is clear that what is a safe distance to follow on a well-lit, dry road on a July afternoon may be vastly different than what is a safe and prudent distance on that same road in January at 7:00 p.m. after a snow storm. A driver is expected to use reasonable common sense when assessing the road conditions and adjusting his or her driving patterns accordingly."

*Id.* at 543-44, 415 P3d at 952-53.

having due regard for the speed of the vehicles and the traffic upon, and condition of, the highway," in violation of ORS 811.485(1)(a). That is, it allows for the finding that defendant was driving in such proximity to the car in front of her so as to give rise to an unreasonable risk of collision under the driving conditions confronted. Defendant drove within half a car-length of the car in front of her while traveling at 55-to-60-miles-per-hour speeds. Defendant would stay half a car-length from the other vehicle for roughly five seconds at a time, then back off to within two car-lengths. Defendant drove in that manner for roughly three miles before the deputy, who followed her for that distance, pulled her over to cite her for following too closely. That happened at 4:30 a.m. in the month of January, when "it was dark out, and the road conditions were wet[.]" Those circumstances would permit a rational factfinder to find that defendant's driving gave rise to an unreasonable risk of collision, either with the car in front of her or, as was the case in *Rough*, with the car behind her. *Rough*, 240 Or at 245. The trial court correctly rejected defendant's contrary contention.

Affirmed.